UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTIN WESOLEK,<br><br>                        Plaintiff,<br><br>-against-<br><br>ERIE COUNTY HOLDING CENTER, ET AL.,<br><br>                        Defendants. | 24-CV-3521 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in the Lakeview Shock Incarceration Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that his constitutional rights were violated during his detention in the Erie County Holding Center in Buffalo, New York. Named as Defendants are: (1) Governor Kathy Hochul; (2) John Doe, Erie County Corrections Commissioner; (3) John Doe, Erie County Deputy Sheriff; (4) John Doe, Assistant Deputy Sheriff; (5) John Doe, Erie County Holding Center Maintenance Department; (6) John Doe, Erie County Holding Center Plumbing Department; (7) John Doe, Erie County Holding Center Dorm Deputy; (8) John Doe, Erie County Holding Center Maintenance Department; and (9) John Doe, Erie County Holding Center Health and Safety Department. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Western District of New York.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights while he was incarcerated in Buffalo, New York. He does not plead the residence of any of the defendants, only asserting that the alleged events giving rise to his claims occurred in Buffalo, New York, where, with the exception of Governor Hochul, the named Defendants are employed. From the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Buffalo, New York. Buffalo is located in Erie County, which is in the Western District of New York. *See* 28 U.S.C. § 112. Accordingly, venue lies in the Western District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Western District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this Court. This order closes this case in this court.

2

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 16, 2024
         New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge